IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

      Plaintiff,

vs.                                                                                       No. 1:21-cv-00137-KWR-JHR

CNMCF, JOE LYTLE,
and ROBIN BORNE,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) ("Complaint") filed by Plaintiff Myrtis Paulo Hart.  The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, failure to comply with statutes and local rules, and failure to prosecute this proceeding.

This is one of the many cases Plaintiff Myrtis Paulo Hart has filed in this Court.[1]  Plaintiff Hart filed his Complaint on February 17, 2021.  (Doc. 1).  At the time of filing of the Complaint,

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v.*

1

Hart was incarcerated at the Northwest New Mexico Correctional Facility and named the Central New Mexico Correctional Facility ("CNMCF"), as well as the Warden and Deputy Warden of CNMCF, as Defendants.  (Doc. 1 at 1).  For his claim against Defendants, Hart alleged that "close proximity to inmates during my incarceration endangered my health and violated public health orders every day of incarceration since Public Health Order was issued."  (Doc. 1 at 2).  He sought punitive damages in the amount of $100,000.  (Doc. 1 at 10).

Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint.  The Court entered an Order to Cure Deficiency on February 19, 2021, directing Plaintiff Hart to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order.  (Doc. 2).  The Order to Cure expressly instructed Plaintiff that he must submit a 6-month inmate account statement with any § 1915 application to proceed *in forma pauperis.* (Doc. 2 at 1-2).  With the Order to Cure, the Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs.  (Doc. 2 at 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 1).

Plaintiff Hart did not comply with the Court's February 19, 2021, Order.  Plaintiff did file an application to proceed under 28 U.S.C. § 1915 but the application to proceed was not accompanied by the 6-month inmate account statement required by the February 19, 2021, Order

---

*Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

and the form application. (Doc. 4 at 1). At the same time he submitted the application to proceed, Hart also filed a notice that his address had changed to a private address on Gibson Boulevard in Albuquerque. (Doc. 3). The notice of change of address and the application to proceed are the last submissions or communications the Court has received for Plaintiff since March 1, 2021, in this case. (Doc. 3, 4).

The Court takes judicial notice of the dockets in Plaintiff Hart's many pending cases. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972) (this Court may take judicial notice of its own records). At some point between March and September 2021, Plaintiff Hart was re-arrested and incarcerated at the Curry County Adult Detention Center. Beginning in late November 2021, mail sent to Hart at the Curry County Adult Detention Center address was returned. Although Plaintiff Hart did not give any notice that his address had changed, the return address on the envelopes containing his submissions in other cases indicated that they were mailed from Central New Mexico Correctional Facility. The Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center on November 21, 2021, confirmed Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to Plaintiff Hart in several of his other cases was returned as undeliverable.[2] A search of the New Mexico Department of Corrections records disclosed that Plaintiff has now been released from the Central New Mexico Correctional Facility, is no longer in custody of the Department of Corrections, and his present whereabouts is unknown.

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Hart has failed to comply with D.N.M. LR-Civ. 83.6

Plaintiff has never submitted the 6-month inmate account statement as ordered by the Court on February 19, 2021 (Doc. 2) and as required by 28 U.S.C. § 1915(a)(2), and has failed to keep the Court advised of his correct mailing address and maintain contact with the Court. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order of February 19, 2021, failure to comply with local rules, and failure to prosecute this proceeding.

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) filed by Plaintiff Myrtis Paulo Hart is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's February 19, 2021, Order, failure to comply with statutes and local rules, and failure to prosecute.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**